UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES ALVIN ATKINS | DOCKET NO. 07-CV-0684 |
| VERSUS | JUDGE DRELL |
| AVOYELLES PARISH JAIL, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff James Alvin Atkins, filed *in forma pauperis* on April 13, 2007. Atkins is an inmate at C. Paul Phelps Correctional Center ("PCC"); however, his claim arises from an incident that occurred while he was incarcerated at the Avoyelles Marksville Detention Center ("ADC"). Suit was initially filed in the Middle District of Louisiana, but it was transferred to this district on April 18, 2007.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court.

## STATEMENT OF THE CASE

Plaintiff claims that, on the morning of May 19, 2006, he slipped and fell in a large puddle of water that leaked from the water fountain. He states, "I got up immediately because I was not hurt at the time, but did notify security of the accident and the leak." [Doc. #1, p. 4] Plaintiff alleges that later that evening, he began to have painful "pulling sensations" in his lower left side and the middle of his back. He requested medical attention, and he received Motrin and Tylenol for pain. Also on the evening of May 19th, another inmate slipped and fell in the same area as Plaintiff, and that inmate was taken to Huey P. Long hospital. Plaintiff was eventually sent to the hospital for x-rays on July 21, 2006 and July 27, 2006.

Plaintiff complains that the leak was finally repaired on August 16, 2006, but subsequently began to leak again. Since that date, Plaintiff was transferred to Hunt Correctional Center.

Plaintiff is seeking monetary compensation for pain and suffering resulting from his slip and fall accident.

## LAW AND ANALYSIS

1. FRIVOLITY REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

2.  DELIBERATE INDIFFERENCE

Plaintiff claims that the defendants are legally responsible for his injuries, presumably because they failed to keep the floor free from water. Plaintiff does not allege or show that the defendants were aware of and deliberately disregarded any excessive risk to Plaintiff's health or safety. Plaintiff simply complains that, after he fell, it took three months to have the leak fixed. Moreover, Plaintiff neither alleges nor shows a physical injury suffered sufficient under section 1997e(e) to support a claim for deliberate indifference under these facts.

At most, Plaintiff's allegations raise nothing more than negligence. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); see also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."). The negligent act of an official that causes loss or injury will not state a claim under § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff's claims do not present issues of federal constitutional dimension and should be dismissed. See McLaughlin v. Farries, 122 Fed. Appx. 692, 693 (5th Cir. 2004); Allen v. Herrera, 2006 U.S. Dist. LEXIS 75292, 13-14 (D. Tex. 2006).

Plaintiff's claims lack an arguable basis in fact and law and are frivolous. See Neitzke v. Williams, 490 U.S. 319 (1989).

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ___ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE